IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EARL WILLIS, on behalf of himself and all others similarly situated,** | ) )  Case No. 1:24-cv-1814 |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **CHEX SYSTEMS, INC.,** | ) ) |
| **Defendant.** | ) |

### COMPLAINT – CLASS ACTION

NOW COMES the plaintiff, EARL WILLIS on behalf of himself and all others similarly situated, by and through his attorneys, SMITHMARCO P.C., and for his complaint against CHEX SYSTEMS, INC., the Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is a consumer class action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq., ("FCRA").

2. Plaintiff brings this action on behalf of all consumers in the United States and its territories who have requested their consumer report from Defendant and were not provided all information in the files that Defendant had for said consumers in violation of the FCRA.

3. Plaintiff has been deprived of the ability to open a checking account because of information that Defendant sold to various financial institutions ostensibly pertaining to Plaintiff and his character and creditworthiness. When Plaintiff's application to open a new checking account was denied, Plaintiff requested that Defendant fulfil its statutory obligation under the FCRA to provide him with all information in Plaintiff's file. In response, Defendant provided an

incomplete report that was devoid of any information that would have resulted in Plaintiff's application for a new checking account to be denied, depriving Plaintiff of the ability to discern the nature of the information that Defendant was reporting about him and the ability to dispute and/or remedy that information.

## II.  JURISDICTION & VENUE

4. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.  PARTIES

6. EARL WILLIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Homewood, County of Cook, State of Illinois.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

8. CHEX SYSTEMS, INC, (hereinafter, "Defendant"), is a business entity that provides check screening services to various third-parties including Bank of America and Fifth Third Bank.

9. Defendant is registered as a corporation in the state of Illinois.

10. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

12. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### IV. ALLEGATIONS

13. At all relevant times, "reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

14. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies.

15. Among other things, Defendant sells consumer reports to banks and financial institutions that wish to screen individuals attempting to open a checking or savings account with that bank.

16. Some of the consumer reports Defendant sells to banks and financial institutions contain information regarding an applicant's financial responsibility and trustworthiness regarding the use and maintenance of their bank accounts.

17. Consumer reporting agencies ("CRAs") such as Defendant, deal in volume and use standardized procedures to gather information and attribute it to individuals. They do not "reinvent the wheel" by using unique practices with respect to each different report.

18. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).

19. As a CRA when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

20. Every CRA must, upon request from a consumer, clearly and accurately disclose to the consumer all information in the consumer's file. 15 U.S.C. § 1681g(a).

21. Every CRA that maintains a file on a consumer must disclose that file free of charge to the consumer if, no later than 60 days after the receipt of notice of adverse action being taken against that consumer, the agency receives a request for a copy of his or her file. 15 U.S.C. §1681j(b).

22. On or about November 8, 2022, Plaintiff attempted to open a checking account at Fifth Third Bank.

23. As part of its screening process, Fifth Third Bank requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

24. On or about November 8, 2022, Defendant prepared and sold a consumer report to Fifth Third Bank purportedly regarding the character and general reputation of Plaintiff, according to its standard policies and procedures for compiling and preparing reports.

25. The report furnished by Defendant was for a legitimate business purpose under 15 U.S.C. §1681b(a)(3)(F)(i).

26. Upon information and belief, Defendant has been improperly reporting, and did report, false and/or misleading statements and information relating to Plaintiff and Plaintiff's character, trustworthiness, and reliability for maintaining a checking or savings account.

27. On or about November 8, 2022, Fifth Third Bank notified Plaintiff that it was rejecting his application to open an account with its bank based on information that appeared on a report pertaining to Plaintiff that it had obtained from Defendant.

28. Within sixty (60) days of Plaintiff receiving notice of the rejection, and prior to November 15, 2022, Plaintiff requested from Defendant that he obtains a copy of his consumer

report so that he could discern the information that had appeared on his report that resulted in the denial.

29. On or about November 15, 2022, Defendant transmitted to Plaintiff a consumer report.

30. The consumer report mailed to Plaintiff on or about November 15, 2022, did not, however, contain any deleterious information that would have resulted in Plaintiff being denied the opportunity to open a bank account.

31. Upon information and belief, there was false, negative information reported about Plaintiff that appeared in the report transmitted to Fifth Third Bank in response to Plaintiff's application that did not appear on the report transmitted directly to Plaintiff from Defendant.

32. Defendant has negligently, willfully and recklessly failed to provide accurate disclosures to consumers of information that appears on reports being sold by Defendant after suffering adverse consequences from said report.

33. Defendant's conduct affected Plaintiff and numerous other consumers about whom it sold reports, when Defendant sold reports to users that contained information that caused a denial of a bank account yet failed and refused to disclose that information to the consumer upon request, depriving the consumer of critical information.

34. Defendant has sold reports to various banks and other financial institutions about numerous individuals which contained information which the consumer could not confirm, verify or challenge for inaccuracy.

35. The identities of the other individuals about whom Defendant reported inaccurate and outdated public record information can be identified through review of Defendant's business records based upon objective criteria.

36. As a result of the information contained within the consumer report that Defendant sold to Fifth Third Bank, Plaintiff was declined the ability to open a simple checking account because of the information on the report from Defendant. The basis for this rejection was likely inaccurate and derogatory information that appears on Plaintiff's consumer report furnished by Defendant and such inaccurate information was a substantial factor for the rejection. However, because of Defendant's conduct, Plaintiff could never find out.

37. Plaintiff further has suffered embarrassment and humiliation from being rejected the ability to open a checking account. Plaintiff is forced to either save money in his own house, or seek out a less reputable, less accessible place to safely keep his earnings.

38. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of statutorily-mandated disclosure of information regarding Defendant's reporting, necessary for Plaintiff to have an opportunity to mitigate Defendant's inaccurate reporting and prevent it from occurring in the future;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown causing public embarrassment and humiliation;

   c. Harm to reputation;

39. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

40. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.     CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

**Section 1681g(a) Failure to Report Class**

*All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, who requested a copy of their file and were not provided all information in the consumers' file at the time of the request and the source of the information.*

42. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

43. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Defendant sells thousands of consumer reports on consumers each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

44. **Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others: Whether Defendant violated section 1681g(a) of the FCRA by failing to provide a complete copy of the contents of Plaintiff's file with Defendant to Plaintiff containing all the information reported about him including the sources of said information.

45. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member, which all arise from the same operative facts and are based on the same legal theories.

46. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

47. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding. *See Soutter*, 307 F.R.D. at 214- (section 1681e(b) claim presents predominating questions with respect to inaccuracy because evaluation of inaccuracy based on "verifiable and objectively determinable" evidence available for all class members).

## VI. CAUSES OF ACTION

### COUNT I: Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for failing to provide a complete copy of all the information in his file upon request, in violation of 15 U.S.C. § 1681g(a).

## VII. JURY DEMAND

50. Plaintiff hereby demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EARL WILLIS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and the Class and against Defendant as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c) That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d) That judgment be entered for actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and/or 1681o(a)(1);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or o; and

(f) That the Court grant such other and further relief as may be just and proper.

          Respectfully Submitted,
**EARL WILLIS**
**On behalf of himself and**
**all others similarly situated**

By:    *s/ David M. Marco*
       Attorney for Plaintiff

Dated: March 4, 2024

David M. Marco
SMITHMARCO, P.C.
5250 Old Orchard Rd., Suite 300
Skokie, IL 60077
**Telephone**:   (312) 546-6539
**Facsimile**:   (888) 418-1277
**E-Mail**:   dmarco@smithmarco.com